Curia, per JohnsoN, Ch.
This cause was heard, and a decree pronounced on it, in the circuit court of Fairfield district, in July, 1840. From that decree the complainants appealed to this court, on various grounds of law and of fact, and upon the hearing here, at May Term, 1841, the court, consisting of three Chancellors, (Harper, Ch. who presided in the circuit court, being absent,) one of whom dissented, made an order reversing the decree of the circuit court on certain important matters of fact, and this is a petition, submitted on the part of the defendant, praying for a re-hearing, and that an issue at law may be directed to try and determine the questions of fact.
The grounds relied on in the petition are,
*391 1. That the cause was decided by two Chancellors, in opposition to the opinion of one of the court, and of the absent Chancellor, who presided on the circuit, and was, in effect, decided by a court equally divided.
2. That the Court erred in their conclusion from the facts.
The court of appeals, as organized by law, is composed of the four Chancellors, a majority of whom constitute a quorum, and the decisions of that majority must, of necessity, be as conclusive and obligatory as if all the members were present and concurring ; and from a like necessity, the decisions of the majority of that majority must be equally binding. The minds of men, however nearly they'may approximate in their physical organization, do not run in the same channel, even in the pursuit of truth. They sometimes arrive at the same conclusion by different processes of reasoning, or at different conclusions by the same process. This always has been, is now, and ever will be, the case in enquiries depending on the speculative sciences, and that it is so in our own department, is demonstrated by every day’s experience ; and no practical results can be obtained if all must concur. The common sense of mankind has pointed out the majority, where numbers are concerned, (notwithstanding some wild speculations to the contrary) as the most safe and worthy of confidence. The judgment of a majority of a court, however constituted, must, therefore, be decisive of the matters in controversy. Chancellor Harper, whose opinion is relied on as shewing a division of the court, was not a part of the court on the hearing of the appeal, and, however highly we all appreciate his opinions, they were not authority in the determination of the particular case — nor do we know that they would not have been wholly changed by the argument on the appeal.
Application for re-hearing causes, are addressed entirely to the discretion of the court, and they are habitually allowed where there is error apparent on the proceedings, or important evidence has been newly discovered, — but it would be unsafe to allow them for a supposed error in the conclusion drawn from doubtful or equivocal evidence.
The same reasons for granting or refusing them, must always remain, and constitute grounds for renewing the application to every term. Now, that the facts relied on here are of that character, follows from the history of the case. They cannot but be doubtful, at least, when it is seen that two out of the three Chancellors who presided on the appeal, deduced from them a con- *392 elusion opposed to the views on which the petition is founded. The decisions of a court, as to matters of fact, are entitled to the same respect as the verdicts of juries are at law, where the general rule is, not to grant a new trial when there is evidence on both sides ; and in reversing the decree of the circuit court, the majority of the appeal court must have been influenced by a strong conviction that it was not sustained by the evidence. The facts, therefore, cannot, at most, be otherwise than doubtful. Petition dismissed.
The whole court concurred.